UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-10209-JLT |
| | ) | |
| THOMAS J. RICHARDSON | ) | |
| | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States, by undersigned government counsel, hereby provides a memorandum regarding legal issues relevant to the sentencing of Defendant Thomas J. Richardson and respectfully requests the imposition of a sentence of 46 months imprisonment.

**Background**

Between July 4th and 8th, 2008, an FBI agent working for the FBI's Innocent Images Unit went online, specifically to a peer-to-peer file sharing software program, while acting in an undercover capacity. The FBI agent received a "friend" request and offline messages from Thomas J. Richardson, of West Harwich and formerly Charlestown, Massachusetts, who was using the screen name "Greatg." In the messages, Richardson asked when the agent would be online, falsely stated that his name was "Gretchne," and falsely indicated that he was a mother of two.

On July 9, 2008, the agent logged into the file sharing program, browsed Richardson's shared file directories, and observed files containing child pornography images and videos. The agent attempted to download 21 files from Richardson. However, Richardson terminated this transaction before it was completed because he was unable to download any content from the agent's online profile. Prior to the termination, the agent was able to download three files. A video named "5yo sucks dads dick in the shower-spits out curnpthc gay boy pedo

1

02.46(19.6Mb).wmv" was corrupted and could not be viewed.  A video named "Toddler Sex.avi" depicted anal-genital sexual intercourse between an adult man and a toddler boy.  An image named "1177744563223.jpg" depicted a nude, adult man touching the clothed genitals of a minor boy on a bed.  The agent determined, through Interpol Protocol (IP) address location information that the user profile resolved to Richardson at his address in Charlestown, Massachusetts.

On August 26, 2008, the agent again logged into the file-sharing program and observed that Richardson's user profile was also online. The agent browsed Richardson's shared file directories, and observed files containing child pornography images and videos.  The agent downloaded 11 files from Richardson and all of the files contained child pornography, including a number of images depicting a prepubescent boy and prepubescent girl engaging in sexual acts with each other. The agent determined, through IP address location information, that Richardson's user profile on this occasion resolved to Richardson's address in West Harwich, Massachusetts.

The West Midlands Police, in Birmingham, England, also had reported to the FBI that an individual using the screen name "GreatG" was communicating and trading pornography with a target in their jurisdiction, including child erotica and child pornography, through the online Google Hello program.[1]  British law enforcement obtained IP login information for GreatG's account on four separate dates/times that pornography was transmitted and determined that

---

[1]     Google Hello, now defunct, was an Internet chat system that allowed users to communicate and transmit pictures to each other in real time.  To use Google Hello, a user must have created an account with Google.  When creating this account, the user must have submitted an email address to be associated with the account.  A software program downloaded from Google was then installed on the user's computer.  The default setting for the software installed by a Google Hello user was to save records of the chats between each user in chat session logs.  Photos sent from one user to another also would be recorded and thumbnail size copies of the photos would be saved in the chat records.  These saved thumbnails are grouped together by the Google Hello software into "filmstrips".  When a person signed into Google Hello, that person could invite other Google Hello "friends" to trade photos, to chat, or both.  Each Google Hello user had a "handle" that served as a username, and also was assigned a unique identification number.  The Google Hello user's personal "friends list" was saved on the computer that was used to login to the service.  The chat records including the thumbnail images of the pictures can be recovered using forensic software.

Richardson had accessed this account from his residences in Charlestown and West Harwich, as well as from Richardson's then-employer, Continental Funding Corp., in Malden, Massachusetts.

On November 6, 2008, the FBI executed a search warrant at Richardson's homes in Charlestown and West Harwich and seized six laptop computers between the two locations. During the search warrant, Richardson admitted to using the seized computers, revealed his residences in Charlestown and West Harwich, and provided dates that he was at each location that corresponded to child pornography activities at those locations.

The FBI conducted a forensic examination upon Richardson's computers. On two of the laptops, agents found evidence of significant child pornography activity. The internet browsing history and recent link files show that Richardson, under the Windows profiles "RichardsonT" and "Tom," accessed a number of files with explicit names indicative of child pornography.  Evidence of installation and use of the file-sharing program and Google Hello were also found on an HP laptop in Charlestown.

    Forensic analysis revealed at least 10 images in allocated space, including the following:

- The file "207138411g-3.jpg," which depicts a nude girl lying on a bed with her legs spread - her wrists and one visible ankle are tied to the bed frame;

- The file "86.jpg" depicts a clothed girl, who appears to be approximately 12 to 14 years old, and she is holding a penis near her mouth.  There appears to be semen on her face and shirt; and

- The file "hc_013.jpg," which depicts a prepubescent, nude girl who is kneeling on the floor and engaging in oral-genital sexual intercourse with an adult male who is standing.  The girl is wearing a mask (with an opening at the mouth) and her hands appear to be tied.

Forensics further revealed numerous deleted and temporary internet images of child pornography on the computers. Richardson's computer demonstrates his extensive distribution and receipt of child pornography via the Google Hello program from July through November

2006.  From Richardson's computer, forensic agents recovered 159 chats between Richardson and 81 other users on Google Hello trading numerous images of child pornography and child erotica, including images of children as young as six engaged in sexual acts and images depicting sadomasochistic sexual abuse of children.  *See, e.g.,* Attachments 1 – 5.[2]  The chats demonstrate Richardson's sexual interest in children, his knowledge regarding a particular child pornography series, and his extensive collection of child pornography, which allowed him to provide child pornography tailored to the requester's preferences.

On July 11, 2012, Richardson was indicted on one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  *See* Docket Entry (D.E.) 1.  On or about February 13, 2013, the parties reached a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which the parties agreed to a sentencing range of 24 – 46 months imprisonment and five years of supervised release.  *See* D.E. 40.  On February 13, 2013, a change of plea hearing was held pursuant to Rule 11, and this Court accepted Richardson's guilty plea.  *See* D.E. 37.

## Memorandum

The United States contends that a below-Guideline[3] sentence of 46 months imprisonment for Richardson's offense of possession of child pornography is reasonable and not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).  Imposition of a sentence at the high end of the range agreed upon in the Plea Agreement is appropriate given the

---

[2] Pornographic images and child erotica images have been redacted from Attachments 1 – 5.  Chat messages that are preceded by a user name (*e.g.,* "BigPapa1969") were sent by the individuals with whom Richardson was chatting and trading images.  Chat messages that are <u>not</u> preceded by a user name were sent by Richardson.

[3] The parties are in agreement regarding the correct calculation of Richardson's sentencing range under Section 2G2.2 of the U.S. Sentencing Guidelines.  As set forth in the Presentence Report, Defendant's total offense level is 27 and his sentencing range is 70 – 87 months imprisonment.

sadomasochistic content of Richardson's child pornography collection, which he chose to share with countless, unknown individuals.

In regard to 18 U.S.C. § 3553(a)(1), the details of the nature and circumstances of Richardson's offense are set forth in the Presentence Report and also reflected in the five Google Hello chats that are attached hereto. These five chats are just a sample of the over 150 chats recovered from Richardson's computer. In sum, these chats reveal that Richardson was not satisfied with merely collecting and looking at images of child pornography. Rather, Richardson wanted to establish relationships with like-minded offenders. Richardson relished discussing the victims depicted in the shared images and videos, and specific scenarios in which prepubescent girls were sexually abused.

In regard to 18 U.S.C. § 3553(a)(2)(A), a 46 month sentence would provide "just punishment" for his offense, promote respect for federal child exploitation laws, and reflect the seriousness of his offense and child pornography offenses in general. Richardson's deliberate sharing of child pornography material with others through the peer-to-peer file sharing software program is unexplained in his sentencing memorandum and the various reports and attachments thereto. Richardson allowed countless, unknown individuals to download child pornography from his computer without necessarily receiving child pornography in return. Once distributed over the Internet, images and videos depicting the sexual abuse of a child will circulate in perpetuity because individuals like Richardson made a purposeful decision to share their collections with others. His file sharing in this case unequivocally contributed to the continuing trauma experienced by the abused children depicted in his collection. These children often live with the knowledge that there are numerous, unknown individuals in the world who are sexually gratifying themselves with pictures of the worst moments of the children's lives, and that such

exploitation will continue indefinitely.  *See United States v. Blinkinsop,* 606 F.3d 1110, 1118 (9th Cir. 2010) (finding that "[t]he children involved in pictorial and cinematic pornography additionally endure ongoing harm because their images have been preserved in a permanent medium").  In *New York v. Ferber*, the U.S. Supreme Court noted:

> [P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution.  Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place.  A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.

458 U.S. 747, 759 n.10 (1982), *quoting* Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act*, 17 Wake Forest L.Rev. 535, 545 (1981).

Consumers of child pornography such as Richardson also create a market and demand for the production of these images and videos, which depict the sexual abuse and exploitation of real children.  These consumers therefore contribute to the cycle of abuse and are in part responsible for the harm suffered by children used to produce the images and videos in their collections.  *See United States v. Goff,* 501 F.3d 250, 259-260 (3d Cir. 2007) ("Children are exploited, molested, and raped for the prurient pleasure of [defendant] and others who support suppliers of child pornography").  In *United States v. Goldberg,* the Seventh Circuit stated:

> The district judge was influenced by the erroneous belief that a sentence affects only the life of the criminal and not the lives of his victims.  Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded-both consumed himself and disseminated to others.  The greater the customer demand for child pornography, the more that will be produced. [Citations omitted].

491 F.3d 668, 672 (7th Cir. 2007).

Thus, even if consumers of child pornography do not themselves molest children, their actions contribute to the abuse of children. Further, child pornography offenders like Richardson who distribute their collections of illegal material are also facilitating the criminal activities of those with whom they share, who may further distribute the material themselves. Through his unfettered distribution of child pornography, Richardson enabled and encouraged the sexual desires of unknown individuals who may be more than dangerous than him. The sharing of child pornography images and videos, coupled with prurient conversations regarding their content (as Richardson did in this case), reduces inhibitions and affirms the beliefs of some individuals that their sexual interest in children is normal.

In regard to 18 U.S.C. § 3553(a)(2)(B), Richardson's sentence should be at the high end of the agreed upon range in order to deter the criminal conduct of others. As stated in *United States v. Goldberg*, "[s]entences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced." 491 F.3d 668, 672 (7th Cir. 2007); *see also Goff*, 501 F.3d at 261 (stating in child pornography possession case that "deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing").

In regard to 18 U.S.C. § 3553(a)(2)(C), Richardson is not charged with rape or molestation, nor are there allegations that he actually engaged in such unlawful conduct toward a child. However, as discussed in *Goff*, this fact asserted by Richardson in his Sentencing Memorandum is immaterial to determining his sentence for possession of child pornography: "Goff should not have gained any ground at sentencing by claiming through his psychiatrist, that

he has 'never acted out in any sexual way with children …' [citation omitted]. He was not charged with molestation, so pointing out that he hadn't committed it is, in one sense, irrelevant." 501 F.3d at 259, *citing United States v. Duhon*, 440 F.3d 711, 718 (5th Cir. 2006) (explaining that the law already "makes a dramatic distinction," between offenders who simply possess child pornography and those who molest children by establishing higher sentences for offenders who directly harm minors). If Richardson instead had committed a contact sexual offense against a child who was similar in age to those depicted in his collection, his statutory and Guidelines sentencing ranges would be much higher. *See, e.g.,* 18 U.S.C. § 2241(c) (establishing sentencing range of 30 years to life for engaging in a sexual act with a child under the age of 12); U.S.S.G. § 2A3.1(a)(1) (establishing base offense level of 38 for defendants convicted under 18 U.S.C. § 2241(c)). But not having committed such an offense does not diminish the significance of his actual conduct. Richardson still poses a threat to the public despite the absence of proof of contact sexual abuse because the crime of possession of child pornography is <u>not</u> victimless. Children captured on film engaging in sexually explicit conduct need to be protected from his degrading practice of sharing and collecting child pornography for his and others' sexual gratification.

In regard to 18 U.S.C. § 3553(a)(6), the United States asserts that Richardson does not stand out from his fellow child pornography offenders in that his record and background are ordinary, and thus, he is in the "heartland" of child pornography offenders. Richardson highlights his lack of criminal history and military service as somehow setting himself apart. However, Richardson's lack of criminal history is not unusual for child pornography offenders. *See United States v. Lychock*, 578 F.3d 214, 220 (3d Cir. 2009) (citations omitted). Although his

military service is commendable, it is also not unusual. *See United States v. Morace*, 594 F.3d 340, 350 (4th Cir. 2010); *United States v. Borho*, 485 F.3d 904, 906 (6th Cir. 2007).

## Conclusion

Actions speak louder than words. Although Richardson's mental health providers conclude otherwise, Richardson's child pornography and related chatting activity plainly demonstrate that he has a sexual interest in children. The collection, trade, and distribution of child pornography are not activities that one stumbles into while seeking legal adult pornography. Regardless of the true nature of Richardson's motivation for possessing child pornography, his distribution conduct sets him apart from individuals who only receive and possess pornography and therefore, a sentence of 46 months imprisonment in the high end of the agreed upon range is appropriate.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

/s/ *Bonnie L. Kane*
Bonnie L. Kane
Trial Attorney, Criminal Division

/s/ *Stacy Dawson Belf*
Stacy Dawson Belf
Assistant United States Attorney

Dated: April 16, 2013

Certificate of Service

       I hereby certify that on April 16, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

J. W. Carney, Jr.
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA  02116

                                      /s/ *Bonnie L. Kane*
                                      Bonnie L. Kane