UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 12-10209-JLT |
| | ) |
| THOMAS J. RICHARDSON, | ) |
| a/k/a/ "Greatg", | ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

**TAURO, D.J.**

WHEREAS, on July 11, 2012, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Thomas J. Richardson a/k/a "Greatg" (the "Defendant") with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States sought the forfeiture, upon conviction of an offense in violation of 18 U.S.C. § 2252 as set forth in Count One of the Indictment, of any matter which contains visual depictions produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds the defendant obtained as a result of said offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located

1

 EXHIBIT A

upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b);

WHEREAS, on February 13, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment, pursuant to a written plea agreement he signed on February 13, 2013;

WHEREAS, in Section 10 of the plea agreement, the Defendant admitted that the following properties are subject to forfeiture because they contain at least one visual depiction that was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; constitute or are traceable to gross profits or other proceeds obtained from such offenses; and constitute property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or are property traceable to such property:

       a.     HP Pavilion Laptop S/N CNF7504JFl;
       b.     Compaq Armada Laptop S/N 7910BXk20305;
       c.     Compaq Armada Laptop S/N 3872A484;
       d.     Compaq Armada Laptop S/N 3882B400;
       e.     Compaq Armada laptop S/N 7949CSM10012;
       f.     6 Compact Discs;
       g.     6 Floppy Disks;
       h.     2 Compact Flash Media; and
       i.     DECPC Laptop S/N 02536

(collectively, the "Properties");

WHEREAS, the Defendant therefore consented to the forfeiture of all of his interests in

2

the Properties; and

WHEREAS, in light of the Defendant's guilty plea and his admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 2253, the

notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7.     Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 2253, following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

8.     Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 2253 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment

4

entered by this Court against him.

Date: _____ 4/9/13

JOSEPH L. TAURO
United States District Judge